Marcia BREVOT, Plaintiff–Appellant,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION, Joel I. Klein, Chancellor, New York City Department of Education, Michael La Forgia, Local Instructional Supervisor Region 9, New York City Department of Education, Richard J. Condon, Special Commissioner, New York City Office of the Special Commissioner of Investigation for the New York City School District, and Marie Zolfo, Senior Investigator, New York City Office of the Special Commissioner of Investigation for the New York City School District, Defendants–Appellees.

No. 07–1405–cv.

United States Court of Appeals, Second Circuit.

Oct. 29, 2008.

Beth Haroules, New York Civil Liberties Union Foundation, New York, New York, (Arthur N. Eisenberg, on the brief), for Plaintiff–Appellant.

Elizabeth I. Freedman, (Francis F. Caputo, Blanche Greenfield, of counsel), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, New York, for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Circuit Judge, Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Marcia Brevot ("Brevot") appeals from a March 6, 2007 Opinion and Order of the United States District Court for the Southern District of New York (Lynch, J.) granting the motion for summary judgment filed by defendants-appellees New York City Department of Education, Chancellor Joel I. Klein, Local Instructional Superintendent Michael La-Forgia, Commissioner Richard Condon, and Investigator Marie Zolfo (collectively, the "Department"), and denying Brevot's cross-motion for partial summary judgment. We assume the parties' familiarity with the underlying facts and procedural history of this case.

As the district court concluded, Brevot's 42 U.S.C. § 1983 due process claim alleging a violation of a Fourteenth Amendment liberty interest is time-barred. The Stancik Report ("Report") was publicly released in 1998, and that same year Brevot was placed on the Department's Ineligible List ("List"). Under this Court's stigma-plus jurisprudence, Brevot could have asserted a claim at that time as the Report, which arguably contained statements "injurious to her reputation" because it denigrated her professional competency, constituted a valid "stigma," and her placement on the List, which imposed a "tangible and material state-imposed burden" because it barred her from future employment with the Department, constituted a valid "plus." *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47–57 (2d

Cir.2001), *rev'd on other grounds, Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003). But the three-year statute of limitations on § 1983 claims plainly bars any present claim based on those events, including one grounded in Brevot's termination from New Visions for Public Schools ("New Visions") in June 2004.

Similarly, Brevot cannot argue that the "continuing violation" doctrine allows her to maintain a § 1983 claim based on events that were completed in 1998 but still harm her now. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331–32 (2d Cir.1997) (discussing the applicability of the doctrine in the context of a § 1983 claim). As the district court rightly pointed out, a stigma-plus claim has accrued even if some of the consequences of the stigmatizing allegations are potential and contingent. *See Donato v. Plainview–Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 632 (2d Cir.1996) (stigma-plus test satisfied where "[p]otential future employers undoubtedly will consult plaintiff's prior employer" and learn of stigmatizing statements). Thus, Brevot had three years from the moment she was placed on the Ineligible List (the "plus" in her case) to assert a claim for a hearing—even if she had not yet suffered an actual job loss—because placement on the List was the point at which she was actually barred from any future associations with the Department. That Brevot suffered just such a deprivation six years later does not affect the time limitation, long since passed, to assert a valid claim. Though Brevot suggests she was a victim of the Department's "continuing efforts ... to keep her unemployable in her chosen profession," the Department's 2004 "effort" to have Brevot terminated from New Visions was a consequence of acts—complete in 1998—that keep Brevot from working with the

Department in the future. To hold otherwise would be to undermine the integrity of the statute of limitations, which is intended to ensure parties do not have to defend against claims arising from "decisions that are long past." *Del. State Coll. v. Ricks,* 449 U.S. 250, 256–57, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980).

Brevot alternatively argues that a new stigma, separate from any of the 1998 events, attached in 2004 when the Special Commissioner of Investigation for the New York City School District ("SCI") re-investigated Brevot and sent a letter to various members of the Department reporting the findings. While the letter largely summarized the earlier Stancik Report, Brevot is correct that it contained additional information that implied she was dishonest when she applied for a position at a school in Florida. As the district court observed, the existence of such new information could potentially give rise to a fresh, 2004 cause of action. Such a claim fails in this case for two reasons.

First, stigmatizing statements by the state implicate liberty interests only where there is also public disclosure. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 547 n. 13, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Velez v. Levy,* 401 F.3d 75, 87 (2d Cir.2005) ("The defamatory statement must be sufficiently public to create or threaten a stigma."). The 2004 letter does not meet this publication requirement because it was an internal document circulated only within the Department. Though the letter—including the potentially new stigmatizing information regarding Brevot's Florida employment—prompted a Department official, Superintendent of Region 9 Peter Heaney ("Heaney"), to call New Visions to request that the company terminate Brevot's contract, there is no testimony showing the letter itself was revealed to New Visions, nor is there testimony to support an inference that Heaney related the Florida information to New Visions during the phone call. Rather, the evidence suggests Heaney related only the portions of the letter that dealt with the events of 1998. Thus, assuming, *arguendo,* that the 2004 letter contained new stigmatizing information, Brevot's alternative stigma-plus claim would be foreclosed because the information was not made sufficiently public, i.e., there was no fresh stigma.

Second, there was no fresh "plus." Brevot, who had worked with the New York City public schools as a consultant, was barred from working there back in 1998. The detriment she alleges in 2004 amounts to the same thing: she was still barred from working there.

For the foregoing reasons, the judgment of the district court is AFFIRMED.